# UNITED STATES DISTRICT COURT

MAY 15 2024

for the
Eastern District of California



CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

_____Fresno_____ Division

| | | |
|---|---|---|
| STEVEN WHITFIELD | ) | Case No. 1:24-cv-00581-JLT-CDB |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Jury Trial: *(check one)* ✔ Yes ☐ No |
| -v- | ) | |
| Dr. ASHOK PARMAR; MB-BS Individually and (dba) Bakersfield Central Pain Management,, Does 50, Inclusive | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Steven Whitfield |
| Street Address | 305 Oakdale Drive |
| City and County | Bakersfield |
| State and Zip Code | California, 93309 |
| Telephone Number | (323) 332-7579 |
| E-mail Address | None |

RECEIVED
MAY 15 2024
CLERK, U.S. DISTRICT COURT
ASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Dr. ASHOK PARMAR |
| Job or Title *(if known)* | Dr. ASHOK PARMAR Owner of Bakersfield Central Pain Mgmt, |
| Street Address | 1500 Brimhall Road |
| City and County | Bakersfied |
| State and Zip Code | California, 93312 |
| Telephone Number | (661) 587-2468 |
| E-mail Address *(if known)* | Unknown |

Defendant No. 2

- Name
- Job or Title *(if known)*
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

Defendant No. 3

- Name
- Job or Title *(if known)*
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

Defendant No. 4

- Name
- Job or Title *(if known)*
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Title III of the American with Disability Act as amended 1990, and federal supplemental or pendent jurisdiction as to state law claims.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b.  If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff alleges: that defendants and each of them have violated plaintiff's statutory rights secured by Title III of the ADA, and professional negligence, medical malpractive and related causes of action arising under state law, i.e.,gross negligence, patient abandonment, punitive damages statutory violation of the California Elder's Abuse Act (medical abuse) and needless inflication of pain and suffering, among other things.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintifff seeks declaratory and injunctive relief as provided by Title III of the ADA and implicated statutory damages under California Unruh Act, and Cal. Civil Code Sections 51 et esq. 52 et esq. compensatory damages, special damages, statutory damages as provided by California Elder's Abuse Act (medical abuse)

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 05/06/2024

Signature of Plaintiff

Printed Name of Plaintiff    Steven Whitfield

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

## INTRODUCTION

1. Plaintiff brings this action for damages, declaratory injunctive relief to enjoining the unlawful and discriminatory business practices of defendant ASHOK PARMAR Individually and CENTRAL PAIN MANAGEMENT OF CALIFORNIA (dba) and Does 1-50 *hereinafter* (ASHOK PARMAR").

2. Plaintiff is an elder or dependent individual (73-years old) senior citizen living in California who have significant care needs and disabilities. Plaintiff must utilized a "four-wheeled walker" in order to ambulate ans also requires daily6 assistance with his daily activities including, but not limited to, assistance with managing and taking medication, housekeeping, laundry, dressing, bathing, tolieting, hygiene, food preparation. Plaintiff accepted the referral by his healthcare provider (as pain management specialist) as so defendant does promise and advertise as being "Specialist in Pain Medicine)

3. Defendant "ASHOK PARMAR" has engaged in polices, procedures, and practices of violating Title III of the ADA of 1990 hereinafter ("ADA"), 42 U.S.C. section 12101, et esq., accompanying regulations, and the Unruh ("Unruh Act'), California Civil Code Section 51 et esq. Among other things, defendants and each of them violated the ADA by failing to provide full and equal access to the medical services and/or care.

4. Moreover, defendants and each of them failed to establish office-business policies and/practices regarding persons with plaintiff's specific disability i. e., "long-term chronic pain patient") and characterizing the same as not being receptive and/or a realistic" beneficiary of pain management theory in that plaintiff being an "ex-long term substance abuser" factoring into account plaintiff age, race, sex that plaintiff would not likely medically benefit from defendant's professional healthcare services.

1.

5. Defendants and each of them although being requested to make the herein complained of modifications to its medical business practices, defendants and each have refused, and continues to alter its practices to reach compliance with applicable federal and state disability standards applicable to the medical profess, including, but not limited to the statutory and mandate of the "ADA"

6. Defendants and each of them business practices and policies regarding disability access, defendants and each of them acts or omissions to act as herein characterized violates plaintiff's rights to full and equal to persons with disabilities constitutes a barriers or deny full and equal access to persons with disabilities as so herein described. Defendants and each of them have denies plaintiff to full and equal access to enjoyment of the services, goods, facilities, privileges, advantages, and/or accommodations including, but not limited to pain management therapy and attendant medication necessary thereto.

7. Defendants and each of them has also engaged in policies and/or practices of violating the Consumer Legal Remedies Act ("CLRA"), California Civ. Code Sections 1750 et esq. Committed Elder (Medical) Abuse, and Unlawful and Fraudulent Business Practices, ("UCL") Cal. Bus. & Prof. Code Sections 17200 et esq. Defendant and each of them advertised "that they were specialist" in practice of pain management." Instead, defendants and each of them engaged in a business practice to deny persons with plaintiff's disabilities as herein described less than full and equal access to medical services, that is provided to those without plaintiff's identifiable characterized factors.

8. Plaintiff have not adequate remedy at law and, unless "ASHOK PARMAR" preliminary and permanently enjoined, Defendants and each of them will continue to harm the public.

### STATUTE OF LIMITATIONS

9. Since the date (circa 2-1-2023) of the initial incident giving rise to this action plaintiff has requested (in writing) that defendant provide him with a copy of his medical records under CAL. H&S Code Sections 123100, 11191 et esq. and AMA Code of Ethics 1.1.. 3 (f) and defendants has refused said medical records to this day. Therefore defendants is barred from contending any argument that complaint is "time-barred" under C.C.P. 340.5 (1-year) time constraints, and under the doctrine of esttopple. Inasmuch as plaintiff's presuit letter innvoked C.C.P. 364 pre-notice requirements.

2.

## JURISDICTION

9. The court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343 (a) ((3)-(4). and Title, 28 U.S.C. Section 12188 (b) (!) (B) and presents a federal question and confers jurisdiction on this Court over plaintiff's claim regardless of the amount in controversy. This Court also have subject matter jurisdiction of this action under principles of "pendent" or "supplemental jurisdiction authorized by law.

## VENUE

9. Venue if proper in the Eastern District of California pursuant to 28 U.S.C. Section 1391 and because the acts upon which this action is based occurred in this court's general jurisdiction.

## PARTIES

10. Plaintiff STEVEN WHITFIELD is a qualified person with disabilities within the meaning of the Title III of the "ADA" and the Unruh Civil Rights Act. and is a dependent or disabled adult within the meaning of California Elder Abuse Act, California Welfare & Institution Code Section 15610.23, a disabled person pursuant to Cal. Civ. Code Section 1761 (g), and consumer pursuant ton Cal. Civ. Code Section 1761 (d). Plaintiff resides in the County of Kern in the State of California and mobilizes with aid of a "four-wheeled seated walker."

## STATEMENT OF FACTS

11.     Plaintiff was referred to defendant's Pain Management Facility located at 1500 Brimhall Road, Bakersfield, California. by his then existing primary health provided on or about December 5, 2023. Plaintiff reported to the said health facility and began received healthcare services in the way of specialized medicine. After about 2-months of treatment/medications consisting of approximately *120 10 mg. 4-times a day of Hydrocodone (Norcos).* Prior to this time plaintiff had been receiving the aforesaid regimen of the foregoing controlled medication (Schedule II) for approximately 4-5 years.

3.

12.  It is to noted: that under existing guideline of the CDC and FDA a person who has been prescribed and taking a controlled II medication will become addicted/dependent on this o*pioid based* medication only after 90-days of ingesting. During the month of January 2023 plaintiff visited defendant's business obtained his 30-days supply of his controlled medication and was provided with his next scheduled appointment date of <u>January 24, 2023</u>, however, plaintiff mistakenly thought his next appointment date was <u>January 28, 2023</u> instead.

13  Thusly, when plaintiff arrived at defendant's healthcare facility on January 28, 2023 plaintiff was informed of his error and that he would have to re-schedule. Plaintiff did promptly re-scheduled that day (January 28, 2023) and was informed by defendant's staff members that plaintiff would have to wait perhaps 3-5 working days until the defendant "ASHOK PARMAR" could see me."

14.  However, after waiting approximately 14-days without any notification from defendants' health facility that plaintiff could come get his refill." After approximately 14-days without any notification or re-fill plaintiff exercised his any legal option i.e., (terminated the physician-patient relationship) and defendant would be medically and legally required to provide plaintiff with an "immediate refill prescription" and that ended the professional relationship heretofore established.

15.  As a direct and proximate result of defendants acts or omissions to act, plaintiff suffered <u>predicable serious opioid withdrawal symptoms and experience for approximately 14-days, although it clearly established by medical protocals and standards of ethics that a "controlled medication patient" medications are not to be "abruptly discontinued."</u>. As such violates both CDC's and FDA's mandates.

16.  Plaintiff further alleges that defendant "ASHOK PARMAR" and each of them: 1. Owed plaintiff a standard of care  2. Defendants failed to meet that duty of care and 3. And a result of of their failure (or breach of that duty) plaintiff was damaged.  Plaintiff further alleges that defendants and each of them conduct constitutes Gross negligence, willful, wanton, and outrageous under California law.

4.

FIRST CLAIM FOR RELIEF
(Title III of the Americans with Disabilities Act of 1990,
42 U.S.C. Code Sections 12101 et esq.)

17. Plaintiff realleges and incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

18. Congress enacted the "ADA" upon finding, among other things, that society has intended to isolate and segregate individuals with disabilities " and that such forms of discrimination continue to be a "serious" and pervasive social problem. "42 U.S.C. Section 12101 (a) (2)

19. Congress explicitly stated that the purpose of the of the "ADA" is to provide " a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities.." 42 U.S.C. Section 12101 (b) (1), (2).

20. Title III of the "ADA" provides in pertinent part: "[N]o individual shall be discriminated against on the basis or disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, leases to, or operates a place of public accommodation. " 42 U.S.C. Section 12182.

21. At all times relevant to this action, plaintiff STEVEN WHITFIELD were and remain qualified individuals with disabilities within the meaning of the "ADA".

22. Plaintiff STEVEN WHITFIELD has requested that "ASHOK PARMAR" make reasonable corrections/modifications of its existing business practices and policies, including but not limited to, substantial changes to is application ot its *"Opioid Contract"* policies and practices (in writing) informing defendant "ASHOK PARMAR" that the policy as *written* and as *applied* seriously violates plaintiff's rights under federal and state law in addition to provisions of the California Pain Patients Bill of Rights."

5.

23. Plaintiff STEVEN WHITFIELD claims under the "ADA" and the Unruh Act based on "ASHOK PARMAR" failure to make reasonable modifications in its policies, practices, or procedures has refuses or failed to made reasonable modifications of its practices and policies that is in compliance with the reasonable standards of medical care to does not violates plaintiff's rights under the "ADA."

SECOND CLAIM FOR RELIEF
(Unruh Civil Rights Act, California Civil Code Sections 51 et esq.

24.     Plaintiff realleges and incorporates by reference as though full set forth herein the preceding paragraphs of this Complaint.

25. California Civil Code Section 51 (b) provides in pertinent part that " All persons with the jurisdiction of this state are free and equal, and no matter what their…disability or medical condition are entitled to the full and equal accommodation of every kind whatsoever."

26. Pursuant to California Civil code Section 51 (f), a violation of the "ADA" also constitutes a violation of California Civil Code Sections 51 et esq. Defendants and each of them own, operate and/or manage business establishments within the meaning of the Unruh Civil Rights Act. Defendants are public accommodation whose services and facilities are open to the general public.

27. Defendants provides services, privileges, advantages, and accommodations to the general public. Defendants and each of them have failed and refused to provide plaintiff with full and equal access and enjoyment of the benefits of their goods, services, facilities, benefits, advantages, and accommodations, and have done so by reason(s) of plaintiff's disabilities.

28. Defendants and each of them have discriminated against persons with disabilites in violation of California Civil Code Sections 51 et esq. by failing to operate their facilities and services in full compliance with the requirements of the "ADA" as set forth above.

6.

## THIRD CLAIM FOR RELIEF
(Consumers Legal Remedies Act, California Civ. Code Sections 1750 et esq.
False or Misleading Statements)

28. Plaintiff realleges and incorporates by reference as though set forth herein the preceding paragraphs of the Complaint. Plaintiff STEVEN WHITFIELD is a "consumer within the meaning of California Civil Code Section 161 (d). Plaintiff is a senior citizen and/or disabled person within the meaning of California Civil Code Section 1761 () and (g).

29.    Plaintiff further re-alleges that this action is brought pursuant to the Consumer Legal Remedies Act, California Civil Code Section 1750 ert esq.

30. The "CLRA" prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sale ao any goods or services to consumers. See Cal. Civ. Code Section 1770. The CLARA "shall be be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protections. "Cal. Civ. Code Section 1760.

31. Defendant "ASHOK PARMAR" is a "person" under the CLRA. Cal. Civ. Code Section 1761 (c) and the challenged conduct of defendants constitutes "services" under the CLRA . Cal. Civ. Code Section 1761 (d).

32. Defendants conduct, actions policies and procedures described here reflect transactions that have resulted in the sale and/or intended sale of services to consumer, by way of plaintiff's status as California resident who received MediCal medical services/benefits and said benefits are paid for in part by federal funds and as such plaintiff has made payments and/or transactions under the CLRA, Cal. Civ. Code Section 1761 (e). And defendants actions and conduct described herein reflect transactions that have resulted in the sale/purchase or intended sale of services to consumers.

7.

33. Defendants and each of them actions and conduct described herein reflects transactions that have resulted in the sale and/or intended sale of services to consumers. And defendants failure to marketing requirements constitutes an unfair, deceptive, unlawful and unconscionable commercial practice.

34. Defendants actions and conduct have violated seven provisions of the CLRA, including Sections 1770 9a) (1), through (a) (3), 1770 (a) (7), 1770 (a) (() and 1770 (a) (16

33. As a result of defendants "ASHOK PARMAR" violations. Plaintiff has suffered, and continue to suffer, ascertainable losses and injury that plaintiff would not have incurred, had the defendants and each of them had provided plaintiff the facilities and services in the form of [f]ull and [e]qual services .

35. In accordance with Cal. Civ. Code Section 1780 (d), plaintiff has attached a "venue affidavit" to this complaint, showing that this action has been commenced in the proper county.

35. In addition, pursuant to Cal. Civ. Code Section 1780 (a) (2). Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts or practices that violates Cal. Civ. Code Section 1770. Plaintiff is entitled to attorney's fees, costs, expenses, disbursement, and punitive damages pursuant to Cal. Civ. Code Section 1780 and 1781.

### FOURTH CAUSE OF ACTION
(Medical Malpractice)
(California Code of Civil Procedure Section 340.5)

36. Plaintiff realleges and incorporates each and every allegations set forth the preceding paragraphs as if set out in full and thereon alleges that defendants acts or omissions to act as described herein constitutes "reckless" behavior, in that said "recklessly" and "wanton" conduct defendants either knew or have reasonable cause to known that their knowingly disregard of the medical risks and/or consequences would likely cause and produce serious harm and/or needless suffering by plaintiff.

8.

37. Plaintiff further alleges that "ASHOK PARMAR" and each of them had a substantial caretaking (medical) relationship with plaintiff STEVEN WHITFIELD herein involving ongoing responsibility with plaintiff, involving ongoing responsibility for his medical needs, which an able-bodied and fully competent adult would ordinarily be capable of *"receiving replacement issuance of plaintiff's controlled medication in a reasonably timely fashion due to strict federal regulations relating to the issuance of a Schedule II narcotic"*. Plaintiff was a dependent elder adult of 72-years of age while he was under the direct control and care of plaintiff while under defendants medical care and responsibility.

38. Plaintiff further alleges that defendant "ASHOK PARMA" and each of them failed to exercise and/or use the degree of care and/or specialized care that a reasonable physician and/or specialize physician would have exercise or use in providing for the medical care of plaintiff or like patient by a physician under the same circumstances of providing plaintiff with adequate refill of plaintiff's controlled medication and protecting plaintiff's "basic human and medical needs" from suffering health hazards and abrupt discontinuance of controlled medication. Plaintiff alleges that he suffered harm; and that defendant "ASHOK PARMAR" was a substantial factor in causing plaintiff's harm.>"

39. Plaintiff realleges and incorporates all of the preceding allegations as if set out in full and thereon plaintiff seeks imposition of the maximum damages of $350,000.00 in non-economic damages under MICRA provisions.

//

//

//

9.

## FIFTH CAUSE OF ACTION
(Medical Malpractice/Personal Injury)

40. Plaintiff realleges and incorporates all the of the preceding allegations as if set out in full and thereon alleges that defendants and each of them 1. Owed plaintiff a duty of reasonable care and 2. defendants and each of them beached that duty of care and 3. plaintiff sustained injury and damage

## SIXTH CAUSE OF ACTION
(Res Ipsa Loquitur)

39. Plaintiff realleges and incorporates all the of the preceding allegations as if set out in full and thereon alleges that defendants and each of them were negligent and are liable under the Theory of Res Ipsa Loquitur in that kind of injury that ordinarily does not occur in the absence of someone's negligence, 2. The injury was caused by an agency or instrumentality with the exclusive control of the defendants; and 3. The injury must not have been due to any voluntary action or contribution on the part of the plaintiff. (*Brown v. Poday United School Dist.* (1993) 4 Cal. 820, 825-26, *Baumgardner v. Yusuf* (2006) 144 Cal. App. 4Th 939, 943.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court:

1. Grant judgment in favor of plaintiff and declare that defendants and each of them violated Title III of the ADA., 42 U.S.C Section 12181-89 and its implementing regulations 28 C.F.R., Part 36.

2. Order defendants and each of them to comply with the requirements of Title III of the ADA Sections 12181-89 and its implementing regulations and award of reasonable attorney's fees and costs incurred in this action.

//

//

10.

3. Order defendants and each of them to take such steps as may be necessary to restore, as nearly as practicable that plaintiff STEVEN WHITFIELD, and other aggrieved persons to the conditions that would have been in full but for defendants and each of them conduct complained of herein.

4. Award of compensatory damages, including pain and suffering and extreme emotional distress and mental anguish plaintiff for injuries suffered pursuant to CAL. CIV. Code Sections 51 et esq., 52 et. esq. and award of reasonable attorney's fees and cost incurred in this action.

5. Award damages for Extreme Infliction of Emotional Distress in the amount of $200,000.

6. Award of attorneys fess and costs under Title III of the ADA of 1990 and Sections 51 et esq. 52 et esq., of the California Civil Code and applicable provisions of the California law.

7. Award of $250,000 of damages against defendants and each, pursuant to provisions MICRA, C.C. Code 3333.2.

8. Award of $350,000 against defendant "ASHOK PARMAR" and each of them based upon the claim of Medical Malpractice/Personal Injury and plaintiff reserves that right to amend his complaint to seek appropriate punitive damages against defendants and each of them.

9. Such further and other relief proper and just.

Dated: May 11, 2024

Respectfully submitted,

STEVEN WHITFIELD,
In Pro Per

11.