UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>                    Plaintiff,<br><br>     v.<br><br>ASHOK PARMAR,<br><br>                    Defendant. | Case No. 1:24-cv-00581-JLT-CDB<br><br>**ORDER DIRECTING PLAINTIFF TO RESPOND**<br><br>(Doc. 1)<br><br>21-DAY DEADLINE |

      This matter is before the court on a screening of the complaint filed by Plaintiff Steven Whitfield ("Plaintiff" or "Whitfield"). (Doc. 1). Whitfield, who is proceeding pro se in this matter, did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331.

      The Court has screened the complaint and finds that Plaintiff has not pled sufficient facts to state a cognizable claim upon which relief may be granted. The Court further finds the complaint contains jurisdictional deficiencies which deprive the Court of jurisdiction over Plaintiff's claims. For the reasons set forth below, Plaintiff is ordered to file a first amended complaint, or if he is unable to correct the deficiencies outlined below, voluntarily dismiss his claim.

**I.  Screening Requirement**

      Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se complaint proceeding *in forma pauperis* and shall dismiss the case at any time if the Court

determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming s*ua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of that the plaintiff's claims are and the grounds upon which they rest. *See e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a pro se complaint, a court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, although a court accepts as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . .

'stops short of the line between the possibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

**II. Plaintiff's Complaint Fails to State a Claim**

    **A. Plaintiff's Allegations**

Plaintiff is 73 years old and has significant needs and disabilities. (Doc. 1 p. 6).[1] Plaintiff uses a "four-wheeled walker" to ambulate and requires assistance with his various daily activities, including managing medication, housekeeping, dressing, bathing, hygiene, and food preparation. *Id*.

Plaintiff alleges that Defendant Ashok Parmar, who owns Bakersfield Central Pain Management (the "Clinic"), enacted policies, procedures, and practices that violate Title III of the Americans with Disabilities Act ("ADA") and California's Unruh Act. *Id*. Plaintiff claims Defendant violated the ADA by failing to provide him with full and equal access to medical services and care. *Id*. It appears from the complaint that Plaintiff alleges Defendant failed to establish business policies and practices regarding persons with Plaintiff's specific alleged disability classification as a "long-term chronic pain patient" and a "ex-long term substance abuser." *Id*.

Plaintiff was referred to the Clinic on or about December 5, 2023. *Id*. at 8. Plaintiff received specialized medicine services for about two months, which included the receipt of "approximately 120 10 mg. 4-times a day of Hydrocodone (Norcos)." *Id*. Plaintiff alleges that prior to his referral to the Clinic, Plaintiff had been under the same drug regimen for about four- to-five years. *Id*. Plaintiff alleges that during the month of January 2023, he visited the Clinic and obtained his 30-day supply of medication. *Id*. Plaintiff's next scheduled appointment date was January 24, 2023, but he mistakenly thought that the appointment date was January 28 instead. *Id*. at 9. When Plaintiff arrived at the Clinic on January 28, 2023, he was informed of his error, and that he would need to reschedule his appointment. *Id*. Plaintiff attempted to schedule an appointment on that same day but was informed by Defendant's staff members that he would

---

[1] In referencing Plaintiff's complaint, the Court uses the document pagination provided by CM/ECF as reflected in the document header.

3

1  need to wait an additional three to five working days before he could be seen again. *Id*.

2  Plaintiff alleges that he waited approximately 14 days without any notification from

3  Defendant that he could get his refill. *Id*. Plaintiff terminated his physician-patient relationship

4  and apparently received an immediate refill prescription. *Id*. Plaintiff alleges that he suffered

5  serious opioid withdrawal symptoms during those 14 days even though he alleges that the

6  standard of care for persons with his disabilities requires that medications should not be "abruptly

7  discontinued." *Id*.

8  Plaintiff asserts claims against Defendant for: (1) violation of Title III of the ADA, 42

9  U.S.C. § 12101 *et seq.*; (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*;

10  (3) the California Consumers Legal Remedies Act, Cal Civ. Code § 1750 *et seq.*; (4-5) medical

11  malpractice; and (6) res ipsa loquitur. (Doc. 1 pp. 10-15).

12  **B. Discussion**

13  The ADA was enacted in response to a "compelling need" for a "clear and comprehensive

14  national mandate" to eliminate discrimination against disabled individuals. *PGA Tour, Inc. v.*

15  *Martin*, 532 U.S. 557, 577 (2009). "To effectuate its sweeping purpose, the ADA forbids

16  discrimination against disabled individuals in major areas of public life, among them employment

17  (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Id*. (internal

18  citations omitted). Title III establishes a "[g]eneral rule" that:

19
20
21
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (leases to), or operates a place of public accommodation.

22

23  *See* 42 U.S.C. § 12182(a). Specifically, Title III prohibits a place of public accommodation from

24  denying disabled individuals "to participate in or benefit from the goods, services, facilities,

25  privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

26  To state a claim under Title III of the ADA, a plaintiff must show that (1) he is disabled

27  within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates

28  a place of public accommodation; and (3) the plaintiff was denied full and equal treatment by

1    defendant because of his disability.  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

2    Turning to the first prong, "chronic pain, alone, is not enough to create a disability."

3    *Smith v. Walgreens Boots Alliance, Inc.*, No. 20-cv-05451-CRB, 2021 WL 391308, at *5 (N.D.

4    Cal. Feb. 3, 2021) (citing *Hale v. King*, 642 F.3d 492, 501 (5th Cir. 2011)).  It is unclear from the

5    face of the complaint, but liberally construing Plaintiff's pleadings for the purpose of this

6    screening order, Plaintiff's inability to engage in daily activities stem from his chronic pain. (Doc.

7    1 p. 6).  For purposes of this screening order, the Court also assumes the Clinic is a place of

8    public accommodation under the second prong.

9    However, even assuming Plaintiff properly pled the first two elements of his ADA claim,

10   Plaintiff fails to allege that he was denied public accommodations by Defendant *because* of his

11   disability.  *See Espino v. Walgreen Co.*, No. 2:15-cv-00423-MCE-AC, 2015 WL 2452622, at *3

12   (E.D. Cal. May 21, 2015) (dismissing Title III ADA claim where complaint lacked any

13   allegations that plaintiff was denied medications because of his disability). Here Plaintiff alleges

14   that Defendant failed to establish office-business policies regarding patients with long-term

15   chronic pain.  (Doc. 1 p. 1).  Plaintiff further alleges that once he missed his appointment,

16   Defendant's staff would schedule a new appointment within three-to-five working days but

17   instead never gave him any further notification.  After 14 days without any response, Plaintiff

18   terminated his physician-patient relationship and received an immediate refill prescription. *Id*. at

19   4.

20   Plaintiff's allegations are not plausible.  The Court need not assume the truth of

21   "allegations that are merely conclusory, unwarranted deductions of facts, or unreasonable

22   inferences[.]" *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Plaintiff has not

23   plausibly alleged that the delay he experienced was due to the policies allegedly enacted by

24   Defendant.  Indeed, the complaint's conclusory allegations that Defendant established office-

25   business policies regarding persons with his disability does not explain how such policies

26   discriminated against individuals with long-term pain or former long-term substance abusers.  In

27   order words, the complaint fails to allege that Plaintiff experienced a delay because of his

28   disability.  It is not known from the face of the complaint whether delay itself had discriminatory

intent, whether the delay was caused by a discriminatory policy, or any other discriminatory reason. *See Smith*, 2021 WL 3861451, at *6 (finding plaintiff did not plausibly plead that allegedly discriminatory policies were the reason for the mistreatment she allegedly experienced since she did not plead that those policies prohibited defendants from filling her prescriptions for opioid medications).

Furthermore, with respect to the injunctive relief sought through a Title III ADA claim, a plaintiff claiming discrimination "must not only demonstrate the familiar requirements for standing — injury-in-fact, traceability, redressability — but also 'a sufficient likelihood that he will be wronged again in a similar way.'" *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (quoting *Fortyune v. Am. Mult-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). In other words, a plaintiff must face a "real and immediate threat of repeated injury." *Id*.

Plaintiff describes one occasion where he experienced a delay in getting his prescription refilled. (Doc. 1 p. 4). Plaintiff terminated his client-patient relationship with Defendant and has not expressed any intent to return to the Clinic. Since Plaintiff has not alleged a real and immediate threat that he will be denied effective service by Defendant in the future, he has failed to demonstrate standing to seek the injunctive relief sought, and, thus, his claim is jurisdictionally defective. *Ervine*, 753 F.3d at 868.

In sum, Plaintiff has failed to plead a Title III ADA claim, and appears to be unable to state one, since he complains of only a single instance of discriminatory treatment and does not allege any intent to return to Defendant's clinic. Furthermore, Plaintiff's failure to state a cognizable ADA claim deprives this Court of federal question jurisdiction, which in turn would almost certainly result in a declination to hold supplemental jurisdiction over his other claims.

For these reasons, the Court abstains from evaluating Plaintiff's state claims since it appears that it lacks jurisdiction over them. Nevertheless, under Rule 15(a)(2) of the Federal rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff leave to amend his complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is directed to cure deficiencies identified in this

6

screening order to the extent that he is able to do so in good faith. *Id*. at 1130.

If Plaintiff elects to proceed with this action by filing an amended complaint, he is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* Local Rule 220. The amended complaint must be complete in itself without reference to the prior or superseded pleading. Once the amended complaint is filed, the original pleading no longer serves any function in the case, thus in the amended complaint, Plaintiff must re-plead all elements of his claims, even the ones not addressed by this screening order. Failure to file a first amended complaint will result in a recommendation that this action be dismissed.

### III. Conclusion

Based upon the foregoing, it is **HEREBY ORDERED** that:

1. Within **21 days** of this order, Plaintiff shall file either a first amended complaint if he believes he can correct the deficiencies noted above, or a notice of voluntary dismissal. Any amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court;
2. Plaintiff shall clearly title the amended complaint by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption; and
3. If Plaintiff fails to comply with this order, the undersigned shall recommend that this action be dismissed for Plaintiff's failure to comply with a Court order and failure to prosecute the action.

IT IS SO ORDERED.

Dated: __**July 17, 2024**__                          _____
                                                   UNITED STATES MAGISTRATE JUDGE

7