UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>                    Plaintiff,<br><br>          v.<br><br>ASHOK PARMAR and CENTRAL<br>BAKERSFIELD PAIN MANAGEMENT,<br><br>                    Defendants. | Case No. 1:24-cv-00581-JLT-CDB<br><br>**ORDER DIRECTING PLAINTIFF TO<br>RESPOND**<br><br>(Doc. 4)<br><br><u>21- DAY DEADLINE</u> |

This matter is before the Court on the filing by Plaintiff Steven Whitfield ("Plaintiff" or "Whitfield") of a first amended complaint (Doc. 4) following the Court's screening of the initial complaint and directing a response by Plaintiff. *See* (Doc. 3). Whitfield, who is proceeding pro se, did not pay the filing fee and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2). The statute requires federal courts to screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In his first amended complaint, Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331. In its screening order of July 17, 2024, the Court found that Plaintiff had not pled sufficient facts to state a cognizable claim upon which relief may be granted. Additionally, the Court found that the complaint contained deficiencies which deprived the Court of jurisdiction over Plaintiff's claims. Plaintiff was given 21 days to file a first amended complaint or a notice of voluntary dismissal. *See* (Doc. 3). Plaintiff filed a first amended complaint on August 12,

2024.  (Doc. 4).

As discussed in more detail below, Plaintiff's first amended complaint lacks the pleading of sufficient facts to state a cognizable claim upon which relief may be granted.  Additionally, the complaint still contains defects in its pleading of federal subject matter jurisdiction.

For the reasons set forth below, Plaintiff is ordered to file a second amended complaint or, if he is unable to correct the deficiencies outlined below, voluntarily dismiss this action.

**I.  Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se complaint proceeding *in forma pauperis* and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming s*ua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez*, 203 F.3d at 1130.

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum

2

factual and legal basis for each claim that is sufficient to give each defendant fair notice of that the plaintiff's claims are and the grounds upon which they rest. *See e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a pro se complaint, a court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, although a court accepts as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between the possibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Courts may deny a pro se plaintiff leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

Finally, it is well established that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations and quotations omitted). As such, this Court must screen the first amended complaint without reference to the original complaint, and therefore, the first amended complaint must stand on its own.

**II.  Summary of the First Amended Complaint**

### A.  Plaintiff's Allegations

In his first amended complaint, Plaintiff alleges he is an "individual with a 'latent disability' as a 'recovered substance abuser,'" having a narcotic addiction from a young age.

(Doc. 4 at 7).[1]  Plaintiff began a methadone detoxification and maintenance program after many years of addiction.  Though it is not entirely clear from the first amended complaint, Plaintiff seems to have received daily administered doses of methadone for two-and-a-half to three-and-a-half years, after which Plaintiff has remained free of illicit drug use.  *Id.*

Plaintiff alleges he is prescribed hydrocodone in ten milligram doses four times "as needed."  *Id.* at 8.  Plaintiff's precise meaning is unclear but presumably Plaintiff intends to convey that it is at regular intervals.  Plaintiff alleges that he was informed by his previous insurance carrier that he will be required to begin OxyContin to properly address the severity of his pain progression, due to the number, severity, and nature of Plaintiff's diseases and ailments.  *Id.*

Plaintiff alleges that Defendant's acts or omissions caused him to suffer severe and significant emotional distress and withdrawal symptoms, including insomnia, severe cramps and abdominal pain, nausea, vomiting, and life-threatening hypertension.  Plaintiff alleges that Defendant's acts or omissions subjected Plaintiff to suffer these issues for at least fourteen days, which he alleges is due to "abrupt and medically abandoned treatment, medications and/or medical supervision," putting him at increased risk of overdose and death.  *Id.*

Plaintiff claims that Defendant has violated Title III of the Americans with Disabilities Act ("ADA"), providing the statutory basis as "42 U.S.C. [sections] 12131-12114," as well as "28 C.F.R. Part 35," by "denying, refusing, or discriminating against Plaintiff on the basis of" his disability, by denying a qualified individual an equal opportunity to participate in, or benefit from, services, programs, or activities, including medications, medical care, and supervision, in violation of 28 C.F.R. § 35.130, subsections (a) and (b).  *Id.* at 9.

Plaintiff seems to have cited incorrect statutes.  The ADA sections cited, namely "42 U.S.C. [sections] 12131-12114," relate to Title II of the act, as does 28 C.F.R. Part 35; these concern public entities.  Presumably, as named Defendants are not public entities but rather a private citizen and private healthcare center (*see id.* at 2), Plaintiff intended to cite 42 U.S.C. §

---

[1] In referencing Plaintiff's complaint, the Court uses the document pagination provided by CM/ECF as reflected in the document header.

1    12182 and 28 C.F.R. Part 36, as these sections are more applicable to his claims and relate to

2    Title III.

3         Plaintiff alleges he was, and is, medically defined as "opioid addicted" and that fact

4    should support a claim of discrimination and denial of full and equal opportunity to access

5    programs and services "that are offered to other persons who have different" disabilities. *Id.* at

6    10.  He alleges he is a qualified individual with a disability who was excluded from participation

7    in, or denied the benefits of, "public entity" (presumably intended to mean a place of public

8    accommodation), and this exclusion, denial, or discrimination was due to his disability, solely or

9    in part.  He claims, additionally, that he suffers from osteoarthritis, a degenerative condition in his

10   left hip, and other ailments that are not mentioned.  *Id* at 11.

11        Finally, Plaintiff includes causes of action for failure to provide medical records, medical

12   malpractice, res ipsa loquitur, violation of Title VI of the Civil Rights Act, and patient

13   abandonment. *Id.* at 10-12.  He seeks a declaratory judgment against Defendant regarding

14   violation of Title III of the ADA, an order requiring Defendant to comply with the ADA,

15   compensatory damages, statutory damages, attorneys' fees, and costs. *Id.* at 13.  He attaches to

16   his first amended complaint an article from the Food and Drug Administration ("FDA")

17   discussing harm from sudden discontinuation of opioid medicines (*see id.* at 16-21) and a copy of

18   his admittance to an emergency room on January 4, 2024 (*see id.* at 22-50).

19        **B. Discussion – Plaintiff's ADA Claim**

20        The ADA was enacted in response to a "compelling need" for a "clear and comprehensive

21   national mandate" to eliminate discrimination against disabled individuals. *PGA Tour, Inc. v.

22   Martin*, 532 U.S. 557, 577 (2009).  "To effectuate its sweeping purpose, the ADA forbids

23   discrimination against disabled individuals in major areas of public life, among them employment

24   (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Id*. (internal

25   citations omitted).  Title III establishes a "[g]eneral rule" that:

26            No individual shall be discriminated against on the basis of disability
             in the full and equal enjoyment of the goods, services, facilities,
27           privileges, advantages, or accommodations of any place of public
             accommodation by any person who owns, leases (leases to), or
28

1  operates a place of public accommodation.

2  *See* 42 U.S.C. § 12182(a).  Specifically, Title III prohibits a place of public accommodation from

3  denying disabled individuals "to participate in or benefit from the goods, services, facilities,

4  privileges, advantages, or accommodations of an entity."  42 U.S.C. § 12182(b)(1)(A)(i).

5  To state a claim under Title III of the ADA, a plaintiff must show that (1) he is disabled

6  within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates

7  a place of public accommodation; and (3) the plaintiff was denied full and equal treatment by

8  defendant because of his disability.  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

9  The Court of Appeals has held that "[d]rug addiction that substantially limits one or more

10  major life activities is a recognized disability under the ADA."  *Thompson v. Davis*, 205 F.3d

11  890, 896 (9th Cir. 2002).  *See Bay Area Addiction Research & Treatment, Inc. v. City of Antioch*,

12  179 F.3d 725, 737 (9th Cir. 1999) (holding that Title II of the ADA applies to zoning ordinances

13  concerning a methadone rehabilitation clinic); *Intervention911 v. City of Palm Springs*, No. CV

14  13-01117 MMM (OPx), 2014 WL 12853165, at *15 (C.D. Cal. July 7, 2014) ("the ADA protects

15  persons recovering from drug or alcohol addiction") (citing *Pacific Shores Props., LLC v. City of*

16  *Newport Beach*, 730 F.3d 1142, 1157 (9th Cir. 2013)).  Liberally construing his allegations

17  summarized above, Plaintiff has pled a disability under Title III of the ADA.

18  Turning to the second prong, Plaintiff must allege that Defendants are private entities that

19  own, lease, or operate a place of public accommodation.  Plaintiff pleads that Defendant "Central

20  Bakersfield Pain Management" is a business entity.  However, the complaint provides no

21  additional information as to this Defendant.  Construing the claim liberally, Plaintiff does allege

22  that "Defendants withdrew from Plaintiff's care and treatment" and "did not provide sufficient

23  notice" or "obtain sufficient medication from another healthcare provider."  (Doc. 4 at 12).

24  Defendant Dr. Parmar appears to be a physician affiliated with the private entity known as

25  Central California Pain Management, located at the same address as Plaintiff listed for "Central

26  Bakersfield Pain Management."  Presumably, Plaintiff was treated at this facility.  Neither Dr.

27  Parmar nor Central Bakersfield Pain Management are mentioned in the facts of the complaint.

28  Though the facts provided are slim, liberally construing them, it is apparent that Defendants are

6

private entities that own, lease, or operate a place of public accommodation.

However, as to the third prong, Plaintiff fails to plausibly allege that he was denied public accommodations by Defendants *because* of his disability. *See Espino v. Walgreen Co.*, No. 2:15-cv-00423-MCE-AC, 2015 WL 2452622, at \*3 (E.D. Cal. May 21, 2015) (dismissing Title III ADA claim where complaint lacked any allegations that plaintiff was denied medications because of his disability). Although Plaintiff summarily quotes the ADA in alleging Defendants violated the statute "by denying, refusing or discriminating against Plaintiff on the basis of his/a disability" (Doc. 4 at 3), the Court need not assume the truth of "allegations that are merely conclusory, unwarranted deductions of facts, or unreasonable inferences[.]" *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Plaintiff offers no facts as to his relationship with the Defendants, other than a threadbare showing that he was presumably a patient of Defendants. The first amended complaint alleges only that Defendants' acts or omissions caused Plaintiff to suffer severe emotional distress, withdrawal symptoms, and pain, due to the "abrupt discontinuation of the Plaintiff's pain medication." (Doc. 4 at 8). A brief illness history included in the emergency room records attached to the first amended complaint states that "[p]atient reportedly was called by his primary care provided [sic] yesterday and did not answer the phone several times and did not get his medication refilled." *Id.* at 30. Even assuming the truth of these allegations, Plaintiff provides no facts regarding what acts or omissions by Defendants resulted in a denial of full and equal treatment.

Most importantly, Plaintiff does not explain how Defendants discriminated against him as a former long-term substance abuser receiving rehabilitation for addiction. In order words, the complaint fails to allege that Plaintiff experienced a denial of full and equal treatment because of his disability. It is not known from the face of the complaint whether Defendants had discriminatory intent, whether Defendants implemented a discriminatory policy, or whether there occurred any other discriminatory behavior or omission. *See Smith v. Walgreens Boots Alliance, Inc.*, No. 20-cv-05451-CRB, 2021 WL 3861451, at \*5-6 (N.D. Cal. Feb. 3, 2021) (dismissing ADA claim because plaintiff did not plausibly plead that allegedly discriminatory policies were

1   the reason for the mistreatment she allegedly experienced since she did not plead that those

2   policies prohibited defendants from filling her prescriptions for opioid medications).

3       **C.  Discussion – Plaintiff's Title VI Civil Rights Act Claim**

4           In his first amended complaint, Plaintiff pleads an additional claim upon which this Court

5   might exercise subject matter jurisdiction pursuant to Title VI of the Civil Rights Act.

6           Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq*.) provides in pertinent

7   part that "[n]o person in the United States shall, on the ground of race, color, or national origin,

8   be excluded from participation in, be denied the benefits of, or be subjected to discrimination

9   under any program or activity receiving Federal financial aid."  "To state a claim for damages

10  under 42 U.S.C. § 2000d, et seq., a plaintiff must allege that (1) the entity involved is engaging in

11  racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs*

12  *v. Holy Cross Health System Corp.*, 29 F.3dd 1439, 1447 (9th Cir. 1994).

13          Here, Plaintiff's allegations relevant to his Title VI claim are defective.  He does not plead

14  that Defendants engaged in discrimination on a prohibited basis (race/color/national origin) or

15  that Defendants are recipients of federal financial assistance.  *E.g., Holmes v. United States*

16  *Veterans Initiative*, No. 20-55617, 2022 WL 4115496, at *1 (9th Cir. Sept. 9, 2022) (affirming

17  dismissal of Title VI claim on summary judgment because plaintiff failed to demonstrate that "the

18  conduct of [Defendant] or its staff, was motivated by race, color, religion, or national origin")

19  (citing 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 278 (2001)).

20                          *       *       *       *       *

21          In sum, Plaintiff has failed to plead either a Title III ADA claim or a Title VI Civil Rights

22  Act claim.  Furthermore, Plaintiff's failure to adequately plead these claims deprives this Court of

23  federal question jurisdiction, which in turn likely would result in a decision to decline to exercise

24  supplemental jurisdiction over Plaintiff's state law claims.  *E.g.*, *Acri v. Varian Assocs.*, 114 F.3d

25  999, 1000 (9th Cir. 1997) (noting that state law claims should be dismissed if federal claims are

26  dismissed).  For these reasons, the Court abstains from evaluating Plaintiff's state law claims

27  since it appears that federal subject matter jurisdiction is lacking.

28          Notwithstanding the foregoing, under Rule 15(a)(2) of the Federal Rules of Civil

Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff leave to amend his complaint only to the extent he can, in good faith, remedy the deficiencies noted herein.  *Lopez*, 203 F.3d at 1126-31.

If Plaintiff elects to proceed with this action by filing a second amended complaint, he is advised that **the Court cannot refer to a prior pleading in order to make an amended complaint complete.**  *See* Local Rule 220 (emphasis added).  The **second amended complaint must be complete in itself without reference to the prior or superseded pleading**.  Once the second amended complaint is filed, the original pleading and first amended complaint no longer serve any function in the case.

Thus, in the second amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this screening order**.  Failure to file a second amended complaint will result in a recommendation that this action be dismissed.

## III. Conclusion and Order

Based upon the foregoing, it is **HEREBY ORDERED** that:

1. Within **21 days** of this order, Plaintiff shall file either (a) a second amended complaint if he believes he can correct the deficiencies noted above, or (b) a notice of voluntary dismissal.  Any amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court;

2. Plaintiff shall clearly title the amended complaint by placing the words "SECOND AMENDED COMPLAINT" on page 1 in the caption; and

///
///
///
///
///

9

1           3.  If Plaintiff fails to comply with this order, the undersigned shall recommend that this action be dismissed for Plaintiff's failure to comply with a Court order and failure to prosecute the action.

IT IS SO ORDERED.

Dated:   **August 22, 2024**

_____
UNITED STATES MAGISTRATE JUDGE