**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASHOK PARMAR and BAKERSFIELD CENTRAL PAIN MANAGEMENT,<br><br>　　　　Defendants. | Case No.: 1:24-cv-0581 JLT CDB<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING THE CLAIMS UNDER FEDERAL LAW FOR FAILURE TO STATE A CLAIM, DISMISSING THE STATE LAW CLAIMS WITHOUT PREJUDICE, DENYING PLAINTIFF'S MOTION TO AMEND, DENYING PLAINTIFF'S REQUEST FOR A MORE DEFINITE STATEMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 12) |

Steven Whitfield asserts he is a former patient of Dr. Ashok Parmar, who owns and provided treatment at Bakersfield Central Pain Management. Plaintiff seeks to the defendants liable for the following: (1) Title III of the Americans with Disabilities Act, (2) racial discrimination in violation of 42 U.S.C. § 1981, (3) "a statutory violation of either the Rehabilitation Act or Title II of the Civil Rights Act of 1964," (4) res ipsa loquitur, (5) statutory violations of Title III of the ADA, (6) patient abandonment, and (7) a violation of the Unruh Act. (*See* Doc. 10 at 7-15, emphasis omitted.) For the reasons set forth below, Plaintiff's second amended complaint filed September 27, 2024[1] (Doc. 10) is **DISMISSED** without further leave to amend.

---

[1] Plaintiff filed several amended complaints (Docs. 5, 7, 8, and 10) after the dismissal of his first amended complaint. The magistrate judge reviewed the allegations in the most recent filing, dated September 27, 2024. (Doc. 10.)

1

## I. Findings and Recommendations

The magistrate judge screened the amended complaint filed September 27, 2024 (Doc. 10) pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiff "failed to plead a Title III ADA claim, a Section 1981 claim, a Section 504, or a Title II Civil Rights Act claim." (Doc. 12 at 12.)

The magistrate judge observed that to state a cognizable claim under the Title III of the ADA, Plaintiff "must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied full and equal treatment by defendant because of his disability." (Doc. 12 at 7, citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).) The magistrate judge found Plaintiff alleged facts sufficient to support the conclusions that Plaintiff was disabled based upon his drug addiction, and Defendants are private entities "own, lease, or operate a place of public accommodation." (*Id.* at 7-8.) However, the magistrate judge determined there were not allegations to support a conclusion that Plaintiff "was denied public accommodations by Defendants *because* of his disability." (*Id.*, emphasis in original.) The magistrate judge explained, "the complaint fails to allege that Plaintiff experienced a denial of full and equal treatment because of his disability." (*Id.* at 9.) Thus, the magistrate judge found Plaintiff does not state a claim under Title II of the ADA. (*Id.*)

Next, the magistrate judge examined Plaintiff's claim for discrimination in violation of 42 U.S.C. § 1981 and found the allegations related to the claim "are defective." (Doc. 12 at 9-10.) The magistrate judge observed:

> Plaintiff alleges that Defendants' acts or omissions violated his rights in a "healthcare and contractual-relationship" under section 1981, since Plaintiff is a "member of a racial minority (black), (2) the Defendants had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protective activity under section 1981.

(*Id.* at 10, quoting Doc. 10 at 10 [modifications adopted].) However, the magistrate judge found Plaintiff offered only legal conclusions and failed to identify facts supporting the conclusions. (*Id.*) For example, the magistrate judge found no facts supporting the conclusions that "Defendants discriminat[ed] against him due to his race and, but for that discrimination, he would not have suffered the loss of a legally protected right." (*Id.*) Consequently, the magistrate judge found "Plaintiff fails to plausibly allege a claim for relief under 42 U.S.C. § 1981." (*Id.*)

2

Third, the magistrate judge addressed the sufficiency of the allegations related to a violation of the Rehabilitation Act, which "creates a private right of action for individuals subjected to disability discrimination by any program or activity receiving federal financial assistance." (Doc. 12 at 10, citing *Kling v. Los Angeles Cnty.*, 633 F.2d 876, 878 (9th Cir.1980).) The magistrate judge found the Rehabilitation Act claim suffered the same infirmities as the ADA claim, because Plaintiff "failed to plausibly allege facts showing he was subjected to disability discrimination." (*Id.*) The magistrate judge also observed that Plaintiff "failed to plausibly allege facts showing that the Defendants' programs or activities receive federal financial assistance or were receiving it at the time of his alleged incident." (*Id.*) Thus, the magistrate judge found the Rehabilitation Act claim is not cognizable. (*Id.*)

Fourth, the magistrate judge examined Plaintiff's claim for a violation for Title II of the Civil Rights Act. (Doc. 12 at 11.) The magistrate judge found Plaintiff failed to plead elements of a claim under Title II, because "[h]e does not plead he was denied the full benefit of public accommodation and such services were available to similarly situated persons outside of his protected class who received full benefits or were treated better." (*Id.*) The magistrate judge noted: "Long waits or slow service, assuming they affect all patients or customers, do not establish discriminatory intent." (*Id.*, quoting *Crumb v. Orthopedic Surgery Med. Grp.*, 2010 WL 11509292, at *4 (C.D. Cal. Aug. 18, 2010), *aff'd*, 479 F. App'x 767 (9th Cir. 2012).) The magistrate judge found Plaintiff "proffered no evidence that he waited longer than other patients on the whole," and thus failed to state a claim under Title II. (*Id.*)

The magistrate judge observed, "Plaintiff has twice been given leave to amend and has been unable to cure the deficiencies of his complaint." (Doc. 12 at 12.) Because Plaintiff did not cure the pleading defects, the magistrate judge found "the deficiencies outlined above are not capable of being cured by amendment, and therefore, further leave to amend is futile and should not be granted." (*Id.*) The magistrate judge recommended the Court dismiss the action with prejudice for failure to state a claim. (*Id.* at 12, 13.)

**II.   Objections**

Plaintiff filed objections, which he amended the following day. (Docs. 15, 16.) He also filed an untimely "addendum" to the objections, in which he includes a motion for a more definite statement towards the magistrate judge. (Doc. 17.)

3

1    Plaintiff objects to the determination that his "most recently filed amended complaint lacks the pleading of facts sufficient to state a … cognizable claim upon which relief may be granted." (Doc. 15 at 1; *see also* Doc. 16 at 1.) He also objects to the findings that "the complaint still contains defects in its pleadings" and the identified "deficiencies in the amended complaint cannot be cured by amendment." (*Id.*) In addition, he asserts the magistrate judge failed "to give deference to all plausible facts of the complaint that can be reasonably inferred." (Doc. 16 at 4.) Plaintiff contends medical records that would support his claims, which the magistrate judge found lacking, were not in his "possession or control at this time," because the defendants have not provided them to Plaintiff's current primary care provider. (*Id.*)

According to Plaintiff, the magistrate judge erred in finding that he does not state a cognizable claim under Section 1981 and amendment is futile related to the cause of action. (Doc. 15 at 2; Doc. 16 at 2.) He argues he also stated a claim under the Rehabilitation Act because his allegations support an inference that Bakersfield Central Pain Management "was receiving federal funding." (*Id.*, citing Doc. 10 at 12; Doc. 16 at 2.) He asserts, it "is reasonably 'plausible' [to] derive an inference that [Defendant] was more likely a State-Med-Cal reimbursed patient facility treating 74-years old citizens of meager financial means [who] are likely recipients of federal social security benefits…" (*Id.* at 3[2].)

Plaintiff also contends the magistrate judge erred in relying upon authorities stating that "a mere delay in receiving medical care or treatment from a healthcare provider is not a Section 504 violations provided that the plaintiff was not treated differently than others," because that treatment "is the very basis and underpinnings of this case." (Doc. 16 at 4, internal quotation marks omitted and modification adopted.) He asserts that he was "treated differently from those similarly situated" because other patients at Bakersfield Central Pain Management are not required to sign an opioid contract. (*Id.*) He alleges other patients are not told "failure or refusal will result in denial of services of care." (*Id.*) Plaintiff asserts that after his missed appointment, he "repeatedly and desperately tried to schedule appointment by phone for refill of his controlled medications," and Defendants did not schedule one. (*Id.* at 5.)

---

[2] Pages 3 and 4 of the Objections are identical, while pages 2 and 3 of the Amended Objections are also identical. (*See* Doc. 15 at 3-4, Doc. 16 at 2-3.)

4

Finally, Plaintiff asserts for the first time in his "Addendum" that his complaint it contains allegations sufficient to state "violations of both/either 1.) The Older Americans Act of 1965, and the anti-discrimination provisions of 2.) The Affordable Care Act, Sections 1557 and Title 42 United States Code Section 18116 et seq. and implementing regulations." (Doc. 17 at 3.)

### III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A. Applicable standards

As an initial matter, the magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), to determine whether the action was "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." (Doc. 12 at 3.) When screening a complaint, the Court applies the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to provide fair notice of the claims raised, including sufficient factual allegations to support his claims. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).) A plaintiff is not required to provide evidence to support his claims at the screening stage. *See Wilson v. Sherman*, 2023 WL 11828926, *7 (E.D. Cal. June 26, 2023) ("During the screening process, a plaintiff is required only to state a prima facie claim for relief, and submission of evidence is premature"); *Johnson v. Berndt*, 2020 WL 7408720, at *4 (D. Nev. Dec. 17, 2020) ("The court does not consider evidence when screening a complaint or make any factual findings"). Plaintiff was not required—as he suggests in the Objections—to submit medical records as evidence at the pleading stage. Toward this end, the Court declines to adopt the findings of the magistrate judge that Plaintiff was required to "show" evidence to support his claim under Title III of the ADA and the claim under Civil Rights Act failed because Plaintiff "proffered no evidence" to support his claim. (*See* Doc. 12 at 7, 11.) Rather, as discussed below, the Court focuses on the sufficiency of the allegations. Nevertheless, though a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks, citation omitted).  Thus, the Court is not required to make unsupported inferences or presume implausible facts.

**B.     Claims under the ADA**

Title III of the ADA prohibits discrimination by public accommodations, including physicians' professional offices.  42 U.S.C. § 12181(7)(F).  To state a cognizable claim for discrimination under Title III, a plaintiff must allege: (1) he is disabled within the meaning of the ADA; (2) Defendants own, lease, or operate a place of public accommodation; and (3) Plaintiff was denied full and equal treatment by Defendants "because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Based upon the allegations in the SAC, the Court finds Plaintiff alleges facts sufficient to support the conclusions that Plaintiff is disabled and Defendants own or operate a place of public accommodation.  *See* 28 C.F.R. § 35.104 (under the ADA, "physical or mental impairment includes …drug addiction[] and alcoholism"); 42 U.S.C. § 12181(7)(F) (indicating the "professional offices of a health care provider" are places of public accommodation).  However, Plaintiff fails to allege facts supporting a conclusion that he suffered discrimination "because of" his disability.

In the SAC, Plaintiff alleges that he entered into an "Opioid Contract" with Dr. Parmar. (Doc. 10 at 7.)  He asserts that he had an appointment scheduled for January 24, 2023, to obtain his prescribed opioid-based medication, but "mistakenly thought his … appointment was January 28, 2023 instead." (*Id.* at 8, emphasis omitted.)  He reports that when he went to Bakersfield Central Pain Management on January 28, 2023, he "was informed of his error and that he would have to re-schedule," and "would have to wait perhaps 3-5 working days" until Dr. Parmar could see him. (*Id.* at 8.)  However, he contends that he waited approximately 14 days without getting a refill appointment. (*Id.*) As a result, Plaintiff terminated the physician-patient relationship. (*Id.*)  In the objections, Plaintiff provides additional information regarding the Opioid Contract, indicating that the contract itself provides: "in the event that a pain patient missed a scheduled appointment he/she will can not (sic) schedule or be seen for at least three days." (Doc. 16 at 5.)  He contends that he was "treated differently" from those similarly situated, because "other patients of the defendant's facility are[] [n]ot objected to signing an

'Opioid Contract'…" (*Id.* at 4.)

Significantly, Plaintiff does not allege facts supporting a conclusion that the defendant's acted in a discriminatory manner *because of* Plaintiff's disability. Even to the extent Plaintiff asserts the Opioid Contract itself was a discriminatory requirement, he does not allege facts supporting a conclusion that the contract was limited to those who were disabled. Instead, the allegations suggest that *all* individuals who received an opioid-based treatment from Dr. Parmar were required to agree to the terms of the Opioid Contract, and that this requirement did not apply only recovering addicts.[3]

For example, in *Lopez v. Pac. Mar. Assoc.*, the plaintiff argued that the defendant's "one-strike" rule that eliminated any employment applicant who tested positive for drug or alcohol use during its screening process was discriminatory towards Lopez, "a rehabilitated drug addict," and violated the ADA. *Id.*, 657 F.3d 762, 764 (9th Cir. 2011). The Ninth Circuit rejected this assertion, because the rule applied to "*all* candidates who test positive for drug use, whether they test positive because of a disabling drug addiction" or recreational use. *Id.* (emphasis in original). The Court explained, "The triggering event for purposes of the one-strike rule is a failed drug test, not an applicant's drug addiction." *Id.* Thus, the Court found Lopez failed to show discrimination under the ADA "on the basis of his protected status." *Id.* at 768. Similarly, here, Plaintiff does not allege in the SAC that he was required to enter into the Opioid Contract *because of* his status as a recovering addict, or that the contract was limited to *only* patients who were recovering addicts. There also are no allegations supporting a conclusion that non-addicts—or other patients not subject to the contract—were able to re-schedule appointments during the relevant two-week period. Without such facts, Plaintiff failed to state a cognizable claim. *See Lopez*, 657 F.3d at 764, 768. Consequently, the Court finds Plaintiff fails to allege facts supporting a conclusion that he suffered discrimination "because of" his disability, as

---

[3] Notably, the Medical Board of California indicates that "[u]se of a pain management agreement is strongly recommended for patients when [an] opioid therapy is expected to require more than three months of opioids or when initiating an opioid trial for a chronic pain patient." Medical Board of California, *Guidelines for Prescribing Controlled Substances for Pain*, 9 (July 2023), available at: https://www.mbc.ca.gov/Download/Publications/pain-guidelines.pdf (last visited Jan. 29, 2025). Because this information is on the official website of the State of California's Medical Board, it is subject to judicial notice. *See* Fed. R. Evid. 201; *see also Organic Cannabis Found., LLC v. Comm'r of Internal Revenue,* 962 F.3d 1082, 1096 (9th Cir. 2020) (taking judicial notice of information posted on a governmental website). Thus, it appears opioid agreements are not recommended *only* for patients, such as Plaintiff, who are recovering addicts.

7

required to state a cognizable claim for a discrimination in violation of the Title III of the ADA.

### C. Rehabilitation Act

To state a claim for violation of Section 504 of the Rehabilitation Act, a plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). The Ninth Circuit observed, "the Rehabilitation Act is materially identical to and the model for the ADA, the difference being the application of the Rehabilitation Act is limited to federally funded programs." *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024) (citation omitted). Courts apply "the same analysis to claims brought under both statutes." *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

Because Plaintiff fails to state a cognizable claim under the ADA, the Court finds the claim under the Rehabilitation Act likewise fails. *See Zukle*, 166 F.3d at 1045 n.11. Plaintiff fails to allege facts sufficient to support a conclusion that Plaintiff was required to enter the Opioid Contract or denied a rescheduled appointment "by reason of his disability."[4]

### D. Discrimination under 42 U.S.C. § 1981

To state a cognizable claim under Section 1981, a plaintiff must allege: "(1) he … is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race…; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts, sue and be sued, give evidence, etc.)." *Peterson v. State of Cal. Dep't of Corr. & Rehab.*, 451 F. Supp. 2d 1092, 1101 (E.D. Cal. 2006) (citation omitted). In the SAC, Plaintiff alleges "is a member of a racial minority (black)," and "the Defendants had an intent to discriminate on the basis of race." (Doc. 10 at 10.) However, Plaintiff's assertion that Defendants intended to discriminate against him due to his race is not entitled to the presumption of truth, because it is a legal conclusion. *See, e.g., Park v. Oahu Transit Servs., Inc.*, 2011 WL 3490190, at *5 (D. Haw. Aug. 10, 2011) ("Plaintiff's statement that Defendants 'engaged in intentional racial discrimination

---

[4] For this reason, the Court declines to address the objections related to Defendants' receipt of federal funding for patients.

against Plaintiff due to his Korean nationality' is a legal conclusion entitled to no weight") (modifications adopted). As the magistrate judge determined, Plaintiff does not meet his burden to "at least allege facts that would support an inference that defendants intentionally and purposefully discriminated against [him]." *See Imagineering, Inc v. Kiewit Pacific Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992). For example, there is no showing the Defendants made racially based comments when he attempted to re-schedule his appointment or that individuals of other races were excluded from entering into or complying with the requirements of the Opioid Contract. There is no showing that patients of other races were able to re-schedule their missed appointments more quickly during the relevant period. Finally, Plaintiff does not allege an act of discrimination interfered with the making or enforcement of a contract. Consequently, the Court adopts the finding that Plaintiff fails to state a cognizable claim under Section 1981.

### E. Title II of the Civil Rights Act

Plaintiff also seeks to hold Defendants liable for violating Title II of the Civil Rights Act of 1964, "which prohibits racial discrimination in places of public accommodation." *Hardie v. NCAA*, 876 F.3d 312, 315 (9th Cir. 2017). As discussed above, there are no allegations in the SAC to support a conclusion that Plaintiff suffered discrimination based upon his race. Therefore, the Court adopts the finding of the magistrate judge that Plaintiff failed to state a claim under Title II.

### F. Additional claims in the "Addendum"

In the Addendum to the Objections, Plaintiff asserts for the first time that his SAC "stated a statutory violations of both/either l.) The Older Americans Act of 1965, and the anti-discrimination provisions of 2.) The Affordable Care Act, Sections 1557 and Title 42 United States Code Section 18116 et seq. and implementing regulations." (Doc. 17 at 2.) However, such claims are plainly not raised or implied in the SAC. (*See generally* Doc. 11.) There are no allegations related to discrimination based on Plaintiff's age or the Affordable Care Act. Plaintiff cannot now attempt to re-cast his allegations to state additional claims, and the Court exercises its discretion to disregard the new claims identified in the untimely filing. *See Rackliffe v. Rocha*, 2009 WL 800194, at *1 (E.D. Cal. Mar. 25, 2009) (indicating a plaintiff cannot "change the nature of this suit by adding new claims in his objections"); *Pasquinzo v. Salmonsen*, 2022 WL 4592052, at *5 (D. Mont. Sept. 29, 2022) ("the Court

is under no obligation to consider new claims or arguments in an objection to a magistrate judge's findings and recommendation, and the Court in its discretion declines to consider [the plaintiff's] new claims"). Moreover, based upon the factual allegations made in his complaints, it is apparent that Plaintiff cannot state a claim under either Act.

### G. Leave to amend

Plaintiff objects to the recommendation that the Court dismiss the case without further leave to amend.[5] However, Plaintiff does not identify any additional allegations in his Objections that support his claims for relief under federal law. Consequently, the Court agrees leave to amend is futile and adopts the recommendation to deny further amendment. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile").

### H. Motion for More Definite Statement

Plaintiff also seeks leave to provide a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 15 at 5; Doc. 16 at 5-6; Doc. 17 at 2-3). Importantly, "the availability of a motion for a more definite statement is quite restricted." 5C Wright & Miller, *Federal Practice and Procedure: Civil* § 1376 (3d ed. 2004). "[T]he scope of Rule 12(e) is limited to motions seeking clarification of the meaning of a pleading. Indeed, the rule expressly states that a motion made pursuant to this rule 'must point out the defects' in a specific pleading that the moving party is precluded from responding to on account of its ambiguity." *United States v. Booth*, 2013 WL 5460062, at *1 (E.D. Cal. June 18, 2013). Plaintiff does not seek clarification of the meaning of another party's pleading, and Rule 12(e) is inapplicable at this juncture. Accordingly, Plaintiff's request predicated on Rule 12(e) is denied.

---

[5] Moreover, because Mr. Whitfield has filed numerous complaints over the years and has been provided the pleading standards numerous times, he cannot represent that he does not know his obligations. *See Whitfield v. Great Castle Chinese*, 1:88-cv-00249 EDP-GGH; *Whitfield v. Great Castle Chinese*, 1:95-cv-05009 OWW DLB, *Whitfield v. Bakersfield Cellular, et al.,* 1:97-cv-05982 AWI DLB; *Whitfield v. Bakersfield Cellular, et al.,* 1:97-cv-05929 REC DLB; *Whitfield v. Shalala,* 1:97-cv-06194 AWI DLB; *Whitfield v. Bonilla, et al.*, 1:99-cv-06115 REC-DLB; *Whitfield v. Social Security*, 1:99-cv-06779 DLB; *Whitfield v. Social Security*, 1:02-cv-05333 DLB; *Whitfield v. Social Security*, 1:04-cv-05014 REC LJO; *Whitfield v. Baarnhart,* 1:04-cv-05014 REC LJO; *Whitfield v. Executive Realty and Investments, et al.*, 1:06-cv-01047 AWI SMS; *Whitfield v. Hernandez*, 1:13-cv-00724 JLT; *Whitfield v. Bowman Asphalt Company, Inc.,* 1:14-cv-00829; *Unnamed Employees of the Local Social Security Administration Office,* 1:16-cv-01510 AWI JLT.

### I. Supplemental jurisdiction

For the reasons set forth above, Plaintiff's federal claims are not cognizable, and will be dismissed without leave to amend. Given the lack of an actionable federal claim, the Court cannot exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367; *see also Decker v. Shasta Cty.,* 2017 WL 3601382, at *3 (E.D. Cal. Aug. 22, 2017) ("[A]bsent federal claims, this action cannot proceed solely on the basis of state law claims. Although the court may exercise supplemental jurisdiction of state law claims, a plaintiff must first have a cognizable claim for relief under federal law."). Therefore, Plaintiff's state law claims shall be dismissed without prejudice for lack of jurisdiction.

### IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated October 24, 2024 (Doc. 12) are **ADOPTED** in part.
2. Plaintiff's claims under federal law—including violations of Title III of the ADA, the Rehabilitation Act, racial discrimination under 42 U.S.C. § 1981, and violations of Title II of the Civil Rights Act—are **DISMISSED** without further leave to amend for failure to state a claim.
3. Plaintiff's remaining claims under state law and **DISMISSED** without prejudice.
4. Plaintiff's request for further leave to amend is **DENIED**.
5. Plaintiff's request for a more definite statement is **DENIED**.
6. The Clerk of Court is directed to terminate pending matters and close this case.

IT IS SO ORDERED.

Dated:   **January 30, 2025**

　　　　　　　　　　　　　　　　　　　　　／s／ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE